UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rhonda Henderson, *et al.,*

    Plaintiffs,

v.                                          Case No. 20-12649

Vision Property Management, LLC, *et al.,*      Sean F. Cox
                                                                 United States District Court Judge

    Defendants.
_____/

**ORDER
DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION
OVER ANY STATE-LAW CLAIMS IN THIS ACTION**

    Plaintiffs filed this putative class action, based upon federal-question jurisdiction. Plaintiffs ask the Court to exercise supplemental jurisdiction over several state-law claims asserted in their complaint: 1) Count Three, asserting claims under Michigan's Elliott-Larsen Civil Rights Act; 2) Count Four, asserting claims under Michigan's Consumer Protection Act; 3) Count Eight, asserting common law negligence claims; and 4) Count Nine, asserting common law breach of contract claims.

    This Court's subject matter jurisdiction over this case stems from Plaintiffs' federal claims. The Court may exercise supplemental jurisdiction over Plaintiffs' state-law claims, but supplemental jurisdiction is a "'doctrine of discretion, not of plaintiff's right.'" *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). "[D]istrict courts can decline to exercise

1

supplemental jurisdiction over pendant claims for a number of valid reasons." *City of Chicago, supra.*

District courts should deal with cases involving supplemental jurisdiction in a manner that serves the principles of economy, convenience, fairness, and comity. *Id*. The supplemental jurisdiction statute, 28 U.S.C. § 1367, codifies these principles and provides that district courts may decline to exercise supplemental jurisdiction over a claim when: 1) the claim raises a novel or complex issue of state law; 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; 3) the district court has dismissed all claims over which it has original jurisdiction, or 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). A district court's decision as to whether to exercise supplemental jurisdiction over a plaintiff's state-law claims is reviewed for abuse of discretion. *Soliday v. Miami Cnty.*, Ohio, 55 F.3d 1158, 1164 (6th Cir. 1995).

The Court concludes that Plaintiffs' state-law claims would predominate over the federal claims asserted in this action. The state-law claims could also raise novel and complex issues of state law.

Accordingly, the Court **DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION** over any state-law claims in this action. As such, the Court **DISMISSES WITHOUT PREJUDICE Counts Three, Four, Eight, and Nine of Plaintiffs' Complaint.**

**IT IS SO ORDERED.**

                                                  s/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated: October 7, 2020