UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RHONDA HENDERSON; ROBERTA FAULKS; and RACHEL CHURCH on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>vs.<br><br>VISION PROPERTY MANAGEMENT, LLC, VPM HOLDINGS, LLC, FTE NETWORKS, INC., US HOME RENTALS, LLC, KAJA HOLDINGS, LLC, KAJA HOLDINGS 2, LLC, MI SEVEN, LLC, IN SEVEN, LLC, RVFM 4 SERIES, LLC, ACM VISION V, LLC, ACP ROADMASTER, LLC, ACP NASH, LLC, ACP MP INVESTMENTS, LLC, DSV SPV 1, LLC, DSV SPV 2, LLC, DSV SPV 3, LLC, BOOM SC, ALAN INVESTMENS III, LLC, ARNOSA GROUP, LLC, ARNOSA HOMES LLC, MOM HAVEN 13, LP, ATALAYA CAPITAL MANAGEMENT LP, ANTONI SZKARADEK, and ALEX SZKARADEK,<br><br>   Defendants. | Case No. 2:20-cv-12649<br>Hon. Sean F. Cox<br>Mag. Judge R. Steven Whalen |

**MOTION TO DISMISS ON BEHALF OF DEFENDANTS ATALAYA CAPITAL MANAGEMENT LP AND ACM VISION V, LLC**

Defendants Atalaya Capital Management LP ("Atalaya") and ACM Vision V, LLC ("ACMV"), by their attorneys Brooks Wilkins Sharkey & Turco PLLC, pursuant to Fed.R.Civ.P. 12(b)(6), hereby move to dismiss Plaintiffs' Complaint as

to them, with prejudice, and with costs and attorneys' fees to be awarded as allowed by law. Pursuant to L.R. 7.1, the relief requested in this Motion was addressed to counsel for Plaintiffs, both orally and in writing, but concurrence was denied, most recently on December 18, 2020. The complete grounds for this Motion are set forth in the Brief in Support set forth below.

WHEREFORE, Atalaya and ACMV respectfully request that the Court dismiss Plaintiffs' Complaint as to them, with prejudice, and award these Defendants all costs and attorneys' fees as allowed by law.

By: /s/ *Keefe A. Brooks*
BROOKS WILKINS SHARKEY & TURCO PLLC
*Attorneys for Defendants Atalaya and ACMV Only*
401 S. Old Woodward, Suite 400
Birmingham, MI 48009
248-971-1800
brooks@bwst-law.com
P31680

DATED: January 6, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA HENDERSON; ROBERTA
FAULKS; and RACHEL CHURCH on
behalf of themselves and all others
similarly situated,

      Plaintiffs,

vs.

VISION PROPERTY MANAGEMENT, LLC,
VPM HOLDINGS, LLC, FTE NETWORKS, INC.,
US HOME RENTALS, LLC, KAJA HOLDINGS,
LLC, KAJA HOLDINGS 2, LLC, MI SEVEN, LLC,
IN SEVEN, LLC, RVFM 4 SERIES, LLC, ACM
VISION V, LLC, ACP ROADMASTER, LLC, ACP
NASH, LLC, ACP MP INVESTMENTS, LLC, DSV
SPV 1, LLC, DSV SPV 2, LLC, DSV SPV 3, LLC,
BOOM SC, ALAN INVESTMENS III, LLC,
ARNOSA GROUP, LLC, ARNOSA HOMES LLC,
MOM HAVEN 13, LP, ATALAYA CAPITAL
MANAGEMENT LP, ANTONI SZKARADEK,
and ALEX SZKARADEK,

      Defendants.

Case No. 2:20-cv-12649
Hon. Sean F. Cox
Mag. Judge R. Steven Whalen

---

**BRIEF IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF
DEFENDANTS ATALAYA CAPITAL MANAGEMENT LP AND ACM
VISION V, LLC**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................. iii
ISSUE PRESENTED .......................................................................................... iv
MOST APPROPRIATE AUTHORITIES ............................................................ iv
INTRODUCTION - THE DEFICIENT COMPLAINT ............................................1
STANDARD OF REVIEW .....................................................................................5
CONCLUSION AND RELIEF REQUESTED .....................................................10

# INDEX OF AUTHORITIES

**Cases**

*Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d. Cir. 2010)...................................7
*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009).........5-7
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955,
    167 L. Ed. 2d 929 (2007)................................................................................5-7
*Bey v. Finco et al*, 2013 WL 4829955 (W.D. Mich. 2013) .......................................6
*Bondex Int'l, Inc. v. Hartford Accident and Indemnity Co.*, 667 F.3d 669
    (6th Cir. 2011) ....................................................................................................8
*Cole v. City of Memphis*, 2013 WL 2443242, (W.D. Tenn. June 4, 2013) ...............7
*Conley v. Gibson*, 355 U.S. 41, S. Ct. 99, 2 L. Ed. 2d. 80 (1957)............................5
*Corp. Auto. Res. Specialists, Ltd. v. Masson*, 2019 U.S. Dist. LEXIS 147220,
    2019 WL 4074436 (E.D. Mich. Aug. 29, 2019) ................................................8
*Hale v. Enerco Grp., Inc.*, 2011 WL 49545, (N.D. Ohio Jan. 5, 2011)......................7
*Rodriguez v. Honigman Miller Schwartz & Cohn LLP*, 465 Fed. Appx. 504
    (6th Cir. 2012) ....................................................................................................5

**Statutes**

15 U.S.C. 1691 .........................................................................................................10
42 U.S.C. 3601 ...........................................................................................................9
42 U.S.C. 3613 ..................................................................................................... 9, 11

**Rules**

Fed.R.Civ.P. 12 ......................................................................................................5, 7
Fed.R.Civ.P. 8 ............................................................................................................5
L.R. 7.1....................................................................................................................11

## ISSUE PRESENTED

Where the Complaint fails to contain any specific allegations against the moving Defendants that could plausibly give rise to liability on the part of movants under any of the remaining claims in the Complaint in this case, and the movants have been wrongfully accused of engaging in an alleged racially motivated scheme of others, should the Complaint be dismissed against movants, and should movants be awarded all costs and attorneys' fees incurred in having to bring this motion?

## MOST APPROPRIATE AUTHORITIES

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)

## INTRODUCTION - THE DEFICIENT COMPLAINT

On September 29, 2020, the three Plaintiffs filed a 109-page, 400 paragraph complaint against 24 Defendants. Styled as a "civil rights" action against defendant Vision Property Management ("Vision" or "VPM") and "related entities" (which do *not* include Atalaya) (Complaint, introductory paragraph), Plaintiffs attempt to plead 9 Counts against the 24 named defendants. On October 7, 2020, this Court *sua sponte* dismissed all state law claims without prejudice. ECF 10.

According to the Complaint, Vision and its affiliated entities engaged in certain racially motivated, predatory, unlawful lending/real estate transactions with the Plaintiffs and others. Further according to the Complaint, Vision and its parent, VPM Holdings, "conducted *all* the property acquisition, management, rental, and sale activities, and all interaction with consumers and contracting activities relating to the Visions homes." (Complaint, ¶14)(Page ID 7).[1] The Complaint then identifies in paragraph 15 the parties referred to throughout as the "Affiliate Defendants." Notably, Atalaya is *not* included in the list of "Affiliate Defendants." And in paragraph 19 of the Complaint, Plaintiffs allege that Vision, VPM Holdings and all of the "Affiliate Defendants" acted "in concert with each other to carry out the practices described in the Complaint." Once again, Atalaya is *not* included in that conclusory allegation of 'concerted action.'

---

[1] Emphasis added throughout unless otherwise noted.

1

There are three Plaintiffs in this case. Their "alleged experiences" giving rise to their claims are described in great detail in the Complaint.

The alleged "experiences" of Plaintiff Rhonda Henderson are described in detail in paragraphs 136-169 (Page ID 46-53) of the Complaint. Neither Atalaya nor ACMV are ever mentioned in any of those allegations. The alleged "experiences" of Plaintiff Roberta Faulks are described in detail in paragraphs 170-202 (Page ID 53-59) of the Complaint. Neither Atalaya nor ACMV are ever mentioned in any of those allegations. Finally, the alleged "experiences" of Plaintiff Rachel Church are described in detail in paragraphs 203-237 (Page ID 59-66) of the Complaint. Once again, neither Atalaya nor ACMV are ever mentioned in any of those allegations.

Atalaya is first mentioned in paragraph 37 of the Complaint. While Plaintiffs allege that Atalaya is a Cayman Islands entity, it is in fact a Delaware limited liability company, a matter of public record.[2] It is correct that Atalaya does no business in the State of Michigan. Atalaya is a registered investment advisor with the Securities

---

[2] The articles of Atalaya may be found by simply entering its name here: https://icis.corp.delaware.gov/ecorp/entitysearch/NameSearch.aspx

Exchange Commission doing business in New York.[3] Plaintiffs allege that Atalaya provided funds for Vision's "scheme".

ACMV is identified in paragraph 40 of the Complaint as a foreign limited liability company doing business in Michigan. While ACMV is included in the litany of entities defined as the "Affiliate Defendants" in paragraph 15 of the Complaint, **there is not a single allegation anywhere in the Complaint as to what ACMV did or did not do as part of this supposed scheme.**

As to Defendant Atalaya, the Complaint contains a singular allegation of alleged participation in Vision's operations. Specifically, Plaintiffs allege in paragraph 39 (Page ID 13) that "On information and belief, Atalaya knew or should have known that Vision was engaged in an illegal, predatory mortgage lending business in the guise of its LOP program."[4]

---

[3] The Court may take judicial notice of Atalaya's status as a registered investment advisor and can access its public filings here:
https://reports.adviserinfo.sec.gov/reports/ADV/156959/PDF/156959.pdf

[4] Viewing the allegations of the Complaint, it appears that most of the allegations are drawn from an agreed "Assurance of Discontinuance" negotiated between Atalaya, ACMV and the New York attorney general, and which can be found here: https://www.dfs.ny.gov/system/files/documents/2019/08/ea190827_atalaya.pdf. The negotiated resolution states in a number of places the refrain that "Atalaya knew *or should have known*" what Vision was doing, and confirmed in paragraph 36 that Atalaya neither admitted nor denied any of the allegations. Leaving aside the fact that this was a negotiated resolution of certain regulatory issues and not the result of any hearing or other proceeding, there in nothing in the Assurance of Discontinuance

There are two federal claims in this case that remain against Atalaya, Counts I and II. Yet the allegations against Atalaya in those Counts merely repeat the same "information and belief" allegation quoted above. Specifically, in Count I, paragraph 276, Plaintiffs allege: "On information and belief, Atalaya knew or should have known that Vision was engaged in the violations of the FHA described in this Count." And, again, in Count II, paragraph 301, Plaintiffs allege: "On information and belief, Atalaya knew or should have known that Vision was engaged in the violations of the FHA[5] described in this Count."

In sum, the Complaint contains no allegations of any alleged wrongful conduct on the part of ACMV. And as to Atalaya, the "information and belief" allegation regarding its purported knowledge of Vision's operations fall woefully short of stating any plausible claim against it.

---

that even hints at any "racial" component to Vision's operations, let alone the assertion that Atalaya "should have known" that Vision was engaged in some form of racial discrimination. Racial discrimination in any form is abhorrent. Wrongfully charging one with racial discrimination is equally unjust.

[5] It should be noted that Count II has nothing to do with the FHA. Rather, it is about alleged violations of the Equal Credit Opportunity Act. It appears that Plaintiffs just cut and pasted the same "information and belief" allegation from Count I into paragraph 301 of Count II.

4

## STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) permits the dismissal of a complaint when it fails to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. Fed.R.Civ.P. 8(a)(2) requires a "short and plain statement of the claim showing the pleader is entitled to relief" in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d. 80 (1957)). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Nevertheless, the rule that "a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* See *Rodriguez v. Honigman Miller Schwartz & Cohn LLP*, 465 Fed. Appx. 504, 507 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). A complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful.

*Twombly*, 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiffs must provide the grounds for their entitlement to relief, and not simply rely on labels, conclusions, and "formulaic recitation of the elements" of the claim. *Id.*

*Iqbal* further refined *Twombly,* establishing a two-pronged approach to evaluating the sufficiency of a complaint in the face of a motion to dismiss:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. ***While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations***. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.*, at 679. Tested against *Twombly* and *Iqbal*, the Complaint in this plainly fails to state any viable claim against ACMV or Atalaya.

### PLAINTIFFS' "INFORMATION AND BELIEF" ALLEGATIONS OF "KNEW OR SHOULD HAVE KNOWN" FALL WOEFULLY SHORT OF STATING ANY PLAUSIBLE CLAIM

Plaintiff's Complaint does not state even a single specific factual allegation supporting the Counts alleged against ACMV or Atalaya. "It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants…. [and] [w]here a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal." *Bey v. Finco et al*, 2013 WL 4829955, at *4 (W.D. Mich. 2013). In this context, Plaintiffs' pleading practice utilizing

6

"information and belief" allegations (¶¶ 39, 276, 301)(page ID 14, 78, 84) and blanket allegations against a group (¶ 15)(page ID 7) fails to meet the *Twombly* and *Iqbal* standards.

While "information and belief" allegations are allowed after *Twombly* and *Iqbal,* this is only when those allegations state plausible inferences drawn from factual allegations contained in the complaint. *See e.g. Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d. Cir. 2010) ("The *Twombly* plausibility standard ... does not prevent a plaintiff from 'pleading facts alleged on information and belief' where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible."). That is not the case here. Instead, the absence of factual allegations supporting the "information and belief" allegations renders those Paragraphs nothing more than unsubstantiated conclusory beliefs and they should therefore be disregarded in the context of a Rule 12(b)(6) motion.

Similarly, group or blanket allegations against "other defendants" might satisfy *Twombly* and *Iqbal* pleading standards, but only when there are other factual allegations that lend support to the inference that a limited number of "other defendants" are collectively responsible for the alleged actions. *Cole v. City of Memphis*, 2013 WL 2443242, at *3-4 (W.D. Tenn. June 4, 2013), *following Hale v. Enerco Grp., Inc.*, 2011 WL 49545, at *4 (N.D. Ohio Jan. 5, 2011). Yet while

ACMV is lumped in together with a number of entities as "Affiliate Defendants" (¶ 15)(page ID 7), there is not one single factual allegation of anything ACMV did or did not do as part of Vision's operations. Instead, Plaintiffs' proposed inclusion of ACMV among numerous other defendants fails, because Plaintiffs do not allege a single fact to support an inference that all persons in the group are liable. *See e.g. Bondex Int'l, Inc. v. Hartford Accident and Indemnity Co.*, 667 F.3d 669, 681 (6th Cir. 2011) (In ruling a claim was not preserved on appeal, the court concluded that "[a]ppellants suggested at oral argument that the pleadings' generic references to the misconduct of "all Defendants" encompassed this theory of coverage against Century, but we cannot accept such threadbare allegations as meeting the Federal Rules' notice-pleading standard."). *See also Corp. Auto. Res. Specialists, Ltd. v. Masson*, 2019 U.S. Dist. LEXIS 147220, at *12, 2019 WL 4074436, at *3 (E.D. Mich. Aug. 29, 2019) (dismissing civil conspiracy claim because of impermissible group pleading and conclusory allegations).

Accordingly, all of the "information and belief" and blanket allegations do not meet basic pleading essentials and thus cannot be relied upon to establish any of Plaintiffs' claims.

### ACMV AND ATALAYA ARE ENTITLED TO DISMISSAL WITH PREJUDICE

Dismissal of all claims against ACMV should require no further discussion. It was simply lumped in together with a number of other entities in one paragraph of

8

the Complaint, and there is not a single allegation of its alleged role in Vision's operations. ACMV is entitled to dismissal and an award of all costs and fees incurred in defending this action.[6]

Atalaya is similarly entitled to dismissal and an award of costs and fees. Count I of the Complaint purports to state a claim under the Fair Housing Act, 42 U.S.C. 3601 et. seq. Plaintiffs cite to sections 3604 and 3605 of the Act in Count I. In essence, those sections prohibit *inter alia* racial discrimination in housing transactions.[7]

As noted above, none of the three Plaintiffs make a single allegation against Atalaya in connection with their respective individual alleged "experiences." This is hardly surprising, because as a registered investment advisor managing and investing money of others, Atalaya had no role in Vision's operations except as one of many investors. And recall in this regard that even Plaintiffs allege in paragraph 14 of the Complaint that Vision and its parent, VPM Holdings, "conducted ***all*** the property acquisition, management, rental, and sale activities, and all interaction with

---

[6] The prevailing party in a Fair Housing Act case may be awarded all costs and fees pursuant to 42 U.S.C. 3613(c)(2).
[7] The Act contains a 2-year period of limitations in 42 U.S.C. 3613. As Atalaya ceased investing any funds with any Vision entity in 2017, even if Atalaya was properly named in this case (which is denied), this 2020 case is likely time-barred as to Atalaya in any event.

9

consumers and contracting activities relating to the Vision homes." Atalaya simply was not involved with any of the Plaintiffs' real estate transactions in any fashion.

And Plaintiffs' "information and belief" allegations do not salvage their deficient pleading as briefed above. Indeed, it is highly doubtful that even if a lender or investor in a company such as Vision "knew or should have known" what Vision was allegedly doing wrong, such lender or investor could be subject to liability under this act.

Plaintiffs' only other claim against Atalaya is in Count II of the Complaint, for alleged violation of the Equal Credit Opportunity Act, 15 U.S.C. 1691 et. seq. That is actually part of the Consumer Credit Protection Act, and *inter alia* generally prohibits racial discrimination in the extension of credit or denial of credit on the basis of race. The Complaint, however, identifies not a single credit transaction that any of the Plaintiffs entered into with Atalaya – nor could they - as there was simply no such transaction.

## CONCLUSION AND RELIEF REQUESTED

There is little doubt that the Complaint sets forth a good deal of detail regarding the business practices of Vision. Whether those business practices had any "racial" component is unknown to the movants.

There is further little doubt, however, that the Complaint fails to state any viable claim against ACMV or Atalaya. There are no allegations of wrongful

10

conduct on the part of either, and as to Atalaya, only the one conclusory, "information and belief" allegation that Atalaya "knew or should have known" how Vision was allegedly operating. Under controlling precedent, this falls far short of stating a plausible claim against Atalaya for violation of either the Fair Housing Act or the Equal Credit Opportunity Act.

The movants engaged with Plaintiffs' counsel in accord with L.R. 7.1 in a good faith attempt to avoid having to file this Motion.  Despite these efforts, Plaintiffs refused to remove ACMV and Atalaya from their "civil rights" claims, wrongfully sullying them with public accusations of engaging in racial discrimination without a scintilla of support for such detestable allegations. Under these circumstances, ACMV and Atalaya should be awarded costs and fees as prevailing parties pursuant to 42 U.S.C. 3613(c)(2).

WHEREFORE, Atalaya and ACMV respectfully request that the Court dismiss Plaintiffs' Complaint as to them, with prejudice, and award these Defendants all costs and attorneys' fees as allowed by law.

DATED: January 6, 2021

By: /s/ *Keefe A. Brooks*
BROOKS WILKINS SHARKEY & TURCO PLLC
*Attorneys for Defendants Atalaya and ACMV Only*
401 S. Old Woodward, Suite 400
Birmingham, MI 48009
248-971-1800
brooks@bwst-law.com
P31680

11

## CERTIFICATE OF SERVICE

      I hereby certify that on January 6, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                                              By:   /s/ Keefe A. Brooks
                                          BROOKS WILKINS SHARKEY & TURCO PLLC
                                          401 S. Old Woodward, Suite 400
                                          Birmingham, Michigan 48009
                                          (248) 971-1800
                                          brooks@bwst-law.com
                                          P31680