UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA HENDERSON; ROBERTA
FAULKS; and RACHEL CHURCH on
behalf of themselves and all others
similarly situated,

       Plaintiffs,

vs.

VISION PROPERTY MANAGEMENT, LLC,
VPM HOLDINGS, LLC, FTE NETWORKS, INC.,
US HOME RENTALS, LLC, KAJA HOLDINGS,
LLC, KAJA HOLDINGS 2, LLC, MI SEVEN, LLC,
IN SEVEN, LLC, RVFM 4 SERIES, LLC, ACM
VISION V, LLC, ACP ROADMASTER, LLC, ACP
NASH, LLC, ACP MP INVESTMENTS, LLC, DSV
SPV 1, LLC, DSV SPV 2, LLC, DSV SPV 3, LLC,
BOOM SC, ALAN INVESTMENS III, LLC,
ARNOSA GROUP, LLC, ARNOSA HOMES LLC,
MOM HAVEN 13, LP, ATALAYA CAPITAL
MANAGEMENT LP, ANTONI SZKARADEK,
and ALEX SZKARADEK,

       Defendants.

Case No. 2:20-cv-12649
Hon. Sean F. Cox
Mag. Judge R. Steven Whalen

---

## MOTION FOR LEAVE TO FILE
## FIRST AMENDED ANSWER AND CROSS-CLAIMS OF ATALAYA
## CAPITAL MANAGEMENT, LP

Defendant Atalaya Capital Management LP (Atalaya), by its attorneys Brooks

Wilkins Sharkey & Turco PLLC, pursuant to Fed.R.Civ.P. 13(g) and Fed.R.Civ.P.

15, hereby moves for leave to file a First Amended Answer to Plaintiffs' First

Amended Complaint, adding Cross-Claims against Defendants FTE Networks, Inc., US Home Rentals, LLC, Kaja Holdings, LLC, and Kaja Holdings 2, LLC (collectively the "FTE Defendants").

Pursuant to L.R. 7.1, the relief requested in this Motion was addressed to counsel for Plaintiffs and the FTE Defendants, both orally and in writing, but concurrence was denied, most recently on December 15, 2021 and December 16, 2021.[1] The complete grounds for this Motion are set forth in the below Brief in Support.

WHEREFORE, Atalaya respectfully requests that it be granted leave to file the First Amended Answer and Cross-Claims of Atalaya Capital Management, LP attached at Exhibit A.

                                                Respectfully submitted:
                                                By: /s/ Keefe A. Brooks
                                                BROOKS WILKINS SHARKEY & TURCO PLLC
                                                *Attorneys for Defendants Atalaya and ACMV Only*
                                                401 S. Old Woodward, Suite 400
                                                Birmingham, Michigan 48009
                                                248-971-1800
                                                brooks@bwst-law.com
DATED: December 21, 2021              P31680

---

[1] The original draft of the Cross-Claims included an indemnity claim by Defendant ACM Vision V. During the 'meet and confer' requirements of the local rules, counsel for the FTE Defendants expressed an argument as to why that one claim may be barred by a certain clause in the purchase agreement between ACM Vision V and the Vision sellers of aged LOP contracts. Moving counsel took that argument to heart and has deleted that claim from the proposed Cross-Claims. In addition, based on the sworn admissions of all three Plaintiffs, ACM Vision V will be soon moving for summary judgment in any event.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA HENDERSON; ROBERTA
FAULKS; and RACHEL CHURCH on
behalf of themselves and all others
similarly situated,

      Plaintiffs,

vs.

VISION PROPERTY MANAGEMENT, LLC,
VPM HOLDINGS, LLC, FTE NETWORKS, INC.,
US HOME RENTALS, LLC, KAJA HOLDINGS,
LLC, KAJA HOLDINGS 2, LLC, MI SEVEN, LLC,
IN SEVEN, LLC, RVFM 4 SERIES, LLC, ACM
VISION V, LLC, ACP ROADMASTER, LLC, ACP
NASH, LLC, ACP MP INVESTMENTS, LLC, DSV
SPV 1, LLC, DSV SPV 2, LLC, DSV SPV 3, LLC,
BOOM SC, ALAN INVESTMENS III, LLC,
ARNOSA GROUP, LLC, ARNOSA HOMES LLC,
MOM HAVEN 13, LP, ATALAYA CAPITAL
MANAGEMENT LP, ANTONI SZKARADEK,
and ALEX SZKARADEK,

      Defendants.

Case No. 2:20-cv-12649
Hon. Sean F. Cox
Mag. Judge R. Steven Whalen

**BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST
AMENDED ANSWER, AFFIRMATIVE DEFENSES AND CROSS-
CLAIMS OF ATALAYA CAPITAL MANAGEMENT, LP**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES .................................................................................... iii

ISSUE PRESENTED ............................................................................................... iv

MOST APPROPRIATE AUTHORITY .................................................................. iv

INTRODUCTION ..................................................................................................... 1

THE PLEADINGS .................................................................................................... 1

STANDARD OF REVIEW ...................................................................................... 5

LAW AND ARGUMENT ........................................................................................ 6

   I. Atalaya's Cross-Claims are appropriate pursuant to Fed. R. Civ. P. 13(g). ..... 6

   II. Atalaya should be granted leave to assert the Cross-Claims pursuant to Fed. R. Civ. P. 15. ................................................................................................... 7

     A. There is no undue delay, bad faith, or prejudice, as the FTE Defendants were in default until November 2, 2021 and have still not answered the FAC. ............................................................................................................ 8

     B. The proposed Cross-Claims against the FTE Defendants are not futile. ... 8

CONCLUSION AND RELIEF REQUESTED ...................................................... 10

# INDEX OF AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................... 6

*City of Los Angeles by & through Dept of Airports v. AECOM Services, Inc*, 864 F.3d 1010 (9th Cir., 2017) ............................................................................... 10

*City of Los Angeles v. AECOM Services, Inc.*, 854 F.3d 1149 (9th Cir., 2017) ....... 10

*Coe v. Bell*, 161 F.3d 320 (6th Cir. 1998) .................................................................. 7

*Equal Rights Ctr v. Niles Bolton Assoc*, 602 F.3d 597 (4th Cir., 2010) .......... iv, 9-10

*Forman v. Davis*, 371 U.S. 178 (1962) ................................................................. 6, 9

*Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir. 2009) .................................. 6

*LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy v. Alexander*, 414 F2d 143 (6th. Cir., 1969) ..................................................................................... 7

*Perez as next friend of FV v. Lake Co Rowing Assn*, 2020 WL 6084082 (M.D. Fla., September 25, 2020) ............................................................................ iv, 9

*Perez v. Lake Co Rowing Assn*, 2020 WL 6082827 (M.D. Fla., October 15, 2020) ................................................................................ iv, 9

*SFS Check, LLC v. First Bank of Delaware,* 774 F.3d 351 (6th Cir. 2014) .............. 6

**Rules**

Fed.R.Civ.P. 13 ..................................................................................................... iv, 6-7

Fed.R.Civ.P. 15 ..................................................................................................... iv, 5, 7

## ISSUE PRESENTED

Where Atalaya has been wrongfully joined as a Defendant in this case based on the alleged wrongful conduct of the FTE Defendants and their predecessors as defined by Plaintiffs in the First Amended Complaint ("FAC"), should Atalaya be provided leave to file cross-claims against the FTE Defendants to recover costs and fees so wrongfully incurred, pursuant to the indemnification provisions of the contracts between Atalaya, the FTE Defendants, and their predecessors?

## MOST APPROPRIATE AUTHORITY

Fed.R.Civ.P. 13(g)

Fed.R.Civ.P. 15(a)(2)

*Equal Rights Ctr v. Niles Bolton Assoc*, 602 F.3d 597 (4th Cir., 2010)

*Perez as next friend of FV v. Lake Co Rowing Assn*, No. 5:19-CV-661-OC-30PRL, 2020 WL 6084082 (M.D. Fla., September 25, 2020), report and recommendation adopted sub nom. *Perez v. Lake Co Rowing Assn*, No. 5:19-CV-661-OC-30PRL, 2020 WL 6082827 (M.D. Fla., October 15, 2020

# INTRODUCTION

Defendant and Cross-Plaintiff Atalaya Capital Management LP (Atalaya) timely filed its Answer and Affirmative Defenses on September 9, 2021. At the time, all other named Defendants in the case had been defaulted by Plaintiffs. Although Atalaya has indemnity rights against certain named Defendants as more fully described below and in the attached proposed Cross-Claims, Atalaya filed no cross-claims at the time, as it assumed the Vision entities and their successors were all defunct.

Subsequently, counsel appeared for what are defined in the First Amended Complaint ("FAC") as the FTE Defendants. And very recently, Plaintiffs and the FTE Defendants filed a joint notice of preliminary settlement (Dkt. 129). As it now appears the FTE Defendants are in business and have assets, Atalaya seeks leave to assert its indemnity rights.

Atalaya seeks leave to assert Cross-Claims to recover its costs and attorney fees from Defendants FTE Networks, Inc., US Home Rentals, LLC, Kaja Holdings, LLC, and Kaja Holdings 2, LLC (collectively the "FTE Defendants"), pursuant to contractual indemnification agreements.

# THE PLEADINGS

The FAC alleges that Defendant Vision Property Management ("Vision" or "VPM") and "related entities" illegally created a business model intent on

1

purchasing bulk foreclosed properties in primarily Black neighborhoods in order to re-sell those homes through predatory and abusive home purchase transactions to individuals based on their race. (Dkt. 77, FAC at ¶¶300-306) According to the FAC, Vision and its parent, VPM Holdings, "conducted *all* the property acquisition, management, rental, and sale activities, and all interaction with consumers and contracting activities relating to the Visions homes." (Dkt. 77 at ¶14)

Plaintiffs allege that FTE is the successor to Vision and VPM, and therefore liable for its actions and the actions of VPM Holdings, Kaja Holdings, LLC, and Kaja Holdings 2, LLC…" and other of the named Defendants in this case. (Dkt. 77 at ¶37; ¶41) Plaintiffs allege US Home Rentals, LLC (US Home) is a "wholly-owned and controlled subsidiary of FTE and was the 'acquisition sub' in the purchase of VPM." Plaintiffs further allege that US Home "is the successor owner of all or substantially all of VPM's assets and all or substantially all of the equity, assets, and liabilities of Defendants VPM Holdings, Kaja Holdings, LLC, and Kaja Holdings 2, LLC [and others]…,including the properties which the Class members currently are purchasing through active contracts." (Dkt. 77 at ¶38)

Plaintiffs then falsely allege that Atalaya is liable for the wrongful conduct of VPM and VPM Holdings. Plaintiffs allege in part that "Atalaya enabled Vision's discriminatory actions by acting as the primary funder of Vision's property acquisitions and helping design the predatory and abusive terms of its LOP contracts

2

that Vision marketed to Black communities through targeted advertising." (Dkt. 77 at ¶312) The crux of Plaintiffs' allegations against Atalaya, which will prove to be untrue, is that they knew or should have known of the alleged wrongful conduct by Vision. (Dkt. 77, ¶14)[2] Atalaya timely answered Plaintiffs' FAC, denying liability of any kind and averring that they will ultimately be determined to have no such liability. (Dkt. 102)

When absolved of any wrongdoing, Atalaya will be entitled to recover the costs and attorney fees wrongfully incurred in their defense, through contractual agreements with the FTE Defendants. Specifically, on or about January 16, 2013, an entity known as "Atalaya Special Opportunities Fund IV LP" as lender, entered into a Loan and Security Agreement with "Kaja, LLC" as borrower, and Atalaya Administrative LLC as the administrative agent (Loan Agreement 1). The "manager" of the borrower is defined in Loan Agreement 1 as VPM Holdings, LLC. The "Real Estate LLC" is defined in Loan Agreement 1 as including Kaja Holdings, LLC. Kaja, LLC, on information and belief, was or became a wholly owned and controlled subsidiary of Kaja Holdings, LLC.

---

[2] Vision was conducting business in numerous states around the country. It was looking for additional funding. The FAC contains no allegations of any kind that would support a claim that Atalaya, sitting in New York, had any knowledge of the demographics of the hundreds of regions in which Vision was conducting business. Thus Plaintiffs' charges of "racial discrimination" in this case as against Atalaya are beyond frivolous and should be sanctioned.

3

Pursuant to section 6.02 of Loan Agreement 1, the borrower agreed to fully indemnify the lender, agent and each of their affiliates, which is defined in Loan Agreement 1 to include Atalaya, from and against any and all damages, losses, claims, liabilities, and related costs and expenses, including reasonable attorney fees and disbursements, arising out of a variety of actions or inactions on the part of the borrower. Pursuant to the express terms of Loan Agreement 1, Atalaya is entitled to indemnity from at least Kaja Holdings, LLC. In addition, if Plaintiffs allegations against the FTE Defendants prove to be true, Atalaya is entitle to indemnity from the Successor Defendants as defined in the FAC.

On or about September 13, 2013, "Atalaya Special Opportunities Fund V LP" as lender, entered into a Loan and Security Agreement with an entity known as "Kaja 2, LLC" as borrower, and Atalaya Administrative LLC as the administrative agent (Loan Agreement 2). The "manager" of the borrower is defined in Loan Agreement 2 as VPM Holdings, LLC. The "Real Estate LLC" is defined in Loan Agreement 2 as including Kaja Holdings 2, LLC. Kaja 2, LLC, on information and belief, was or became a wholly owned and controlled subsidiary of Kaja Holdings 2, LLC. (It should be noted that all three of the Plaintiffs entered into their LOP contracts with Kaja Holdings 2, LLC as "lessor."

Pursuant to section 6.02 of Loan Agreement 2, the borrower agreed to fully indemnify the lender, agent and each of their affiliates, which is defined in Loan

4

Agreement 2 to include Atalaya, from and against any and all damages, losses, claims, liabilities, and related costs and expenses, including reasonable attorney fees and disbursements, arising out of a variety of actions or inactions on the part of the borrower. Included in section 6.02's indemnity obligations in Loan Agreement 2 is the following:

> Any litigation, regulatory action, arbitration or proceeding related to this Agreement or the use of proceeds of Loans, the Pledged Collateral, the LLC Pledged Assets, the Legacy Pledged Assets, the Manager Owned Interests or the Real Estate LLC Property or any third-party investigation related to this Agreement or the use of proceeds of Loans, the Pledged Collateral, the LLC Pledged Assets, the Legacy Pledged Assets, the Manager Owned Interests or the Real Estate LLC Property or the business, whether related to this Agreement and the Transaction Documents or not, of the Borrower or its Affiliates.

Pursuant to the express terms of Loan Agreement 2, Atalaya is entitled to indemnity from at least Kaja Holdings, LLC. And if the allegations of Plaintiffs against the FTE Defendants are true, Atalaya is entitled to indemnity from the Successor Defendants as defined in the FAC.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a), states that where, as here, a responsive pleading has been filed, a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). When justice so requires, a court "should freely give leave" to amend. Fed. R. Civ. P. 15(a)(2).

A court may deny leave to amend only for "undue delay, bad faith, or dilatory motive ... [or] undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962). "Amending would be futile if a proposed amendment would not survive a motion to dismiss." *SFS Check, LLC v. First Bank of Delaware,* 774 F.3d 351, 355 (6th Cir. 2014). As a result, the proposed amended pleading must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

**LAW AND ARGUMENT**

### I. Atalaya's Cross-Claims are appropriate pursuant to Fed. R. Civ. P. 13(g).

Cross-claims are governed by Fed. R.Civ.P. 13(g), which provides:

(g) Cross-Claim Against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted ***is or may be*** liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant. (emphasis added).

6

Here, the Cross-Claims for indemnity by Atalaya are appropriate under Fed.R.Civ.P. 13(g), as the FTE Defendants may be liable for Atalaya's defense costs depending on the outcome of the principal Plaintiffs' claims.

Under the Federal Rules of Civil Procedure the rights of all parties generally should be adjudicated in one action. *LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy v. Alexander*, 414 F2d 143, 146 (6th. Cir., 1969) The Cross-Claims here will serve the purpose by avoiding piecemeal litigation and ensuring that any resolution is a final resolution for all involved parties. As stated in more detail in the proposed Cross-Claims attached as Exhibit A, Atalaya has and will incur substantial costs and fees in defending the allegations of the Plaintiffs, costs and fees which are subject to the indemnification agreements if and when Atalaya and ACMV are ultimately determined to have no liability to the Plaintiffs.

## II. Atalaya should be granted leave to assert the Cross-Claims pursuant to Fed. R. Civ. P. 15.

When determining whether to grant leave to amend, the district court should consider "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment...." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998). Each of these factors weigh in favor of granting Atalaya's request for leave to file the First

7

Amended Answer to Plaintiffs' First Amended Complaint, adding Cross-Claims against the FTE Defendants.

### A. There is no undue delay, bad faith, or prejudice, as the FTE Defendants were in default until November 2, 2021 and have still not answered the FAC.

Despite the original Complaint having been filed in 2020, the controlling pleadings are in their infancy. Atalaya timely answered the FAC on September 9, 2017, following the Court's denial of its Motion to Dismiss. (Dkt. 104) The FTE Defendants never answered the Complaint or the FAC. On October 7, 2021, the FTE Defendants filed a motion to set aside their defaults. (Dkt. 122) On November 2, 2021, the defaults were set aside by stipulation, with a deadline for the FTE Defendants to answer set for November 30, 2021. (Dkt. 126; Dkt. 127) But, on November 30, 2021, in lieu of filing their answer, the FTE Defendants submitted a notice of preliminary settlement agreement. (Dkt. 129)

Now that the FTE Defendants have appeared, albeit without having filed an answer, Atalaya's Cross-Claims for indemnification from these entities have become relevant and necessary. There is no undue delay or bad faith. Accordingly, Atalaya requests the Court to grant the Motion for Leave.

### B. The proposed Cross-Claims against the FTE Defendants are not futile.

It is well established that if the proposed amendment would be subject to dismissal and thus futile, the district court may deny a motion for leave to amend. *Forman v. Davis*, 371 U.S. 178, 182 (1962). Atalaya's cross-claims, stated in more detail in the attached Exhibit A, are not futile.

Atalaya understands and acknowledges the case law generally holding that *liability* for discriminatory actions in violation of the FHA and ECOA are nondelegable, i.e. a party may not obtain indemnification for their own discriminatory practices. See *Equal Rights Ctr v. Niles Bolton Assoc*, 602 F.3d 597 (4th Cir., 2010). To be clear, Atalaya is not seeking indemnification for any alleged violations of the FHA or ECOA. Instead, Atalaya, through contracts with the FTE Defendants, is entitled to recover its costs and fees when it is absolved of wrongdoing. Cross-claims for such fees are appropriate, even where the underlying claims include violation of the FHA and ECOA.

In *Perez as next friend of FV v. Lake Co Rowing Assn*, No. 5:19-CV-661-OC-30PRL, 2020 WL 6084082 (M.D. Fla., September 25, 2020), report and recommendation adopted sub nom. *Perez v. Lake Co Rowing Assn*, No. 5:19-CV-661-OC-30PRL, 2020 WL 6082827 (M.D. Fla., October 15, 2020), the City sought indemnification in cross-claims from LCRA for any damages, losses, costs, expenses, attorney's fees, and costs related to defense of plaintiff's claims for violation of the American with Disabilities Act (ADA). *Id.* at 2. LCRA moved to

9

dismiss the cross-claims, citing *Equal Rights v. Niles Bolton Assoc.*, and the precedent that ADA and FHA claims are nondelegable. The court denied the motion to dismiss the cross-claims, holding that the argument premised on the City being unable to obtain indemnification for its own violation of the ADA is premature. *Id.* at *2. The Court held, "Indeed, if it is ultimately determined that only LCRA violated its duty under the ADA, then the City could have a claim for indemnification for the costs it incurred in defending this action." *Id.*

Here, Atalaya's proposed Cross-Claims are identical to those in *Perez*. Atalaya denies liability under the FHA or ECOA. If it is ultimately determined that only the FTE Defendants violated their duties under the FHA and ECOA, then Atalaya is entitled to indemnification for the costs incurred in defending this action. See also *City of Los Angeles v. AECOM Services, Inc.*, 854 F.3d 1149, 1160 (9th Cir., 2017), amended sub nom. *City of Los Angeles by & through Dept of Airports v. AECOM Services, Inc*, 864 F.3d 1010 (9th Cir., 2017) (holding that the cross-claims for indemnification for costs incurred to defend an ADA claim were valid where they sought only to collect for violations arising out of cross-defendant's own negligence or wrongdoing.)

## CONCLUSION AND RELIEF REQUESTED

The FAC sets forth significant detail regarding Vision's business practices and alleges those practices had a "racial" component in violation of several federal

laws. But there is no plausible claim against Atalaya about any alleged racial discrimination. When Atalaya is absolved of liability, it will be entitled to reimbursement of its costs and attorney fees from the FTE Defendants. Therefore, Atalaya respectfully requests that it be permitted to file the First Amended Answer and Cross-Claims attached at Exhibit A.

                                                Respectfully submitted:

                                                By: /s/ Keefe A. Brooks
                                                BROOKS WILKINS SHARKEY & TURCO PLLC
                                                *Attorneys for Defendants Atalaya and ACMV Only*
                                                401 S. Old Woodward, Suite 400
                                                Birmingham, Michigan 48009
                                                248-971-1800
                                                brooks@bwst-law.com
DATED: December 21, 2021          P31680

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 21, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                  By:   /s/ Keefe A. Brooks
                  BROOKS WILKINS SHARKEY & TURCO PLLC
                  401 S. Old Woodward, Suite 400
                  Birmingham, Michigan 48009
                  (248) 971-1800
                  brooks@bwst-law.com
                  P31680