UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RHONDA HENDERSON et al.,<br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br><br>VISION PROPERTY<br>MANAGEMENT, LLC et al.,<br>　　　　　　　　　Defendants. | Case No. 20-12649<br>Honorable Shalina D. Kumar<br>Magistrate Judge David R. Grand |

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF NO. 146)**

## I.　Introduction

Plaintiffs, a putative class of Black homebuyers, sue Vision Property Management (VPM) and its affiliated entities[1] (collectively Vision), FTE Networks, Inc. and US Home Rentals, as successor organizations to Vision (collectively FTE), and Atalaya Capital Management LP (ACM) for violations of the Fair Housing Act, as amended, 42 U.S.C. § 3601 *et seq.*

---

[1] The affiliated entities are Kaja Holdings, LLC, Kaja Holdings 2, LLC, MI Seven, LLC, IN Seven, LLC, RV4M 4, LLC, ACM Vision V, LLC, DSV SPV1, LLC, DSV SPV2, LLC, DSV SPV3, LLC, Boom SC, Alan Investments III, LLC, Arnosa Group LLC, Arnosa Homes, LLC, Mom Haven 13, LP, ACP Roadmaster, LLC, ACP Nash, LLC, and ACP MP Investments, LLC. ECF No. 77.

(FHA), the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* (ECOA), the Truth in Lending Act, 15 U.S.C. § 1601 (TILA), and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 (RESPA). ECF No. 77. Plaintiffs assert that Vision discriminated against Black homebuyers by targeting them for predatory home loan products containing abusive credit terms. ECF No. 77. They claim that ACM funded and substantially participated in the design of Vision's predatory lending practices. *Id*.

Plaintiffs move to file a second amended complaint adding two additional plaintiffs and eight new defendants, as well as reinstating their previously dismissed state claims.[2] ECF No. 146. ACM opposes plaintiffs' motion arguing that the motion for leave to amend is untimely, would cause great prejudice to the existing defendants, is futile in some respects, and was advanced in bad faith. ECF No. 158. *Id*. The motion is fully briefed[3]

---

[2] Plaintiffs initially asserted state claims against defendants under the Elliot-Larsen Civil Rights Act, M.C.L. 37.2101 *et seq.* (ELCRA), Michigan Consumer Protection Act, M.C.L. 445.901 *et seq.* (MCPA), negligence, breach of contract, and breach of duty of good faith and fair dealing. ECF No. 1. The Court *sua sponte* declined to exercise supplemental jurisdiction over the state claims asserted and thus dismissed them without prejudice. ECF No. 10.

[3] The parties also provided supplemental briefing on the impact of a receivership issued by a Pennsylvania court in this matter. ECF Nos. 180, 181, 182, 183, 184. This issue became moot when the Pennsylvania court vacated its receivership order. ECF No. 191.

and the Court heard argument from the parties. ECF Nos. 146, 158, 161, 164.

## II. Proposed Second Amended Complaint

With their current motion, plaintiffs seek to add two additional individual plaintiffs who allege they were harmed by Vision's predatory and discriminatory lending practices. ECF No. 146. Plaintiffs allege these new plaintiffs came to their attention less than two months before filing their motion for leave to amend and that they represent the interests of individuals who no longer occupy the homes they were attempting to purchase. *Id*. According to plaintiffs, one of the proposed new plaintiffs entered into a contract with ACM Vision V, and thus will be critical in proving the involvement of that Vision entity. *Id*.

Plaintiffs also seek to add additional entities as defendants, referred to collectively as Inmost Defendants,[4] who they believe control the defendants holding title to many putative class members' homes, as well as

---

[4] Inmost Defendants are Inmost Partners, LLC and its successor, DS Agent LLC, known as Noteholder Agent, as well as Kookmin Bank and Samsung Securities Co., Ltd., known collectively as Issuer Noteholders. ECF No. 146-1, PageID.1797-98.

Statebridge Company, LLC, which took over as the servicer of class member loans in 2021.[5] ECF No. 146; ECF No. 146-1, PageID.1797-1800.

Plaintiffs assert that they learned during discovery that the Inmost defendants participated substantially in the implementation of the predatory lending scheme at issue in the case. *Id*. Specifically, the Inmost defendants provided an infusion of capital to Vision in 2017 that enabled Vision to continue operating its racially discriminating scheme. *Id*. Plaintiffs allege that the Inmost defendants and another proposed new defendant, loan-servicer Statebridge, have taken actions aimed at forcing plaintiff-occupants out of their homes. *Id*.

Finally, plaintiffs seek to reinstate their previously dismissed state claims, arguing that discovery has revealed significant factual overlap between the pending federal claims and the statutory state claims previously dismissed by the Court. They argue the state claims mirror or are a subset of the federal claims and thus will not predominate them, which was the reason cited by the Court in its initial decision to decline supplemental jurisdiction. *Id*.

---

[5] Although not mentioned directly in their motion, plaintiffs seek to add HOMI Holdings, LLC as a defendant "necessary…to carry out full relief." ECF No. 146-1, PageID.1800.

### III. Discussion

Under Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend] when justice so requires." Leave should be given "[i]n the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). As the Sixth Circuit has noted,

> Delay that is not intended to harass the defendant is not in itself a permissible reason to refuse leave to amend. Furthermore, there must be at least some significant showing of prejudice to the opponent if the motion is to be denied. Although this court reviews denials of leave to amend only for abuse of discretion, it should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint.

*Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987) (internal citations and quotations omitted).

The Court addresses the plaintiffs' attempt to reinstate their statutory state claims first. It agrees with ACM that this portion of plaintiffs' motion for leave to amend is merely a delayed motion for reconsideration of its earlier ruling dismissing these and other state claims. ECF No. 158. The Court dismissed the state claims because they would predominate over the

federal claims asserted in this action and they could raise novel and complex issues of state law. ECF No. 10. Plaintiffs' arguments that the state claims are a subset, or a mirror of the federal claims simply contest that ruling. Even if plaintiffs' request for reconsideration were timely, which it is not, it does not identify a mistake, change in controlling law, or any new facts which warrant a different outcome. E.D. Mich. L.R. 7.1(h).

Nor does the fact that the Court dismissed plaintiffs' state claims before it was reassigned to the undersigned justify the reinstatement of the dismissed claims. Rulings predating a reassignment of a case "constitute the law of the case and should not be lightly disturbed." *Gillig v. Advanced Cardiovascular Systems, Inc.*, 67 F.3d 586, 590 (6th Cir. 1995) (quotation omitted). Reassignment from one judge to another is not "an invitation to seek a 'second opinion' on every pre-transfer ruling." *Id*. (quotation omitted). The Court finds no reason to reinstate plaintiffs' claims under ELCRA and MCPA.[6] Accordingly, their motion for leave to file an amended complaint is denied as it relates to reasserting their state claims.

Next, the Court addresses the proposed amendment's addition of new parties. ACM argues that plaintiffs' motion for leave to amend their

---

[6] Because the Court declines to reinstate plaintiffs' state claims based on these procedural grounds, it need not reach defendants' argument that these claims are futile.

complaint to add two new plaintiffs and eight new defendants[7] should be denied because doing so would prejudice the existing defendants. ACM argues that undue prejudice includes forcing defendant to re-depose witnesses or reopen discovery on new claims. But ACM does not argue that it, or other defendants, would need to re-depose witnesses. Moreover, at the time plaintiffs filed their motion, five months remained to conduct discovery.[8] *See* ECF No. 138. ACM provides no evidence that any delay in adding the new defendants was intended to harass the defendants, nor does it make a significant showing of prejudice to the existing defendants. *See Janikowski*, 823 F.2d at 951. Accordingly, the Court will permit plaintiffs to add the Inmost defendants (as well as Statebridge and HOMI Holdings). *See* ECF No. 146-1.

ACM argues that adding the new plaintiffs, who would represent non-occupant home buyers, prejudices defendants because "there is not now, and never has been, any non-occupant claims in this case." ECF No. 158,

---

[7] ACM's referenced number of new defendants includes two individual defendants, Alexander and Antoni Szkaradek, to be added as defendants for the state claims. Because the Court declines to reinstate the state claims, these proposed defendants will not be added. ECF No. 146-1.

[8] The Court recognizes that the deadlines have expired during the pendency of this motion and that it must issue an amended scheduling order. *See* ECF No. 138.

PageID.2210. Plaintiffs argue that the putative class of plaintiffs in this matter has always included both occupant and non-occupant home buyers. ECF No. 77, PageID.382. Further, defendants previously propounded discovery relating to the non-occupants in the putative class, suggesting that they understood, or at least anticipated plaintiffs' claims to include those home buyers who did not continue to occupy the home. *See* ECF No. 139-8-10; ECF No. 143-3. The Court finds the addition of two non-occupant plaintiffs will not prejudice defendants and that justice requires plaintiffs be permitted to amend their complaint to add them as parties.

### III. Conclusion

For the reasons discussed, plaintiffs' motion for leave to file second amended complaint is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs may file a second amended complaint adding Teaha Jackson and Chelsea Pobur as plaintiffs and adding Inmost Partners, LLC, DS Agent, LLC, Kookmin Bank, Samsung Securities Co., Ltd., Statebridge Co., LLC, and HOMI Holdings, LLC as defendants. Plaintiffs' second amended complaint may not add previously dismissed state claims or the individual defendants for those claims only.

**IT IS SO ORDERED.**

                                           s/Shalina D. Kumar
                                           SHALINA D. KUMAR
                                           United States District Judge

Dated: April 4, 2023