IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RHONDA HENDERSON, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VISION PROPERTY MANAGEMENT, LLC, et al.,<br><br>Defendants. | Case No. 20-cv-12649<br><br>Hon. Shalina D. Kumar<br><br>Mag. Judge David R. Grand<br><br>CLASS ACTION |

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT AND CERTIFICATION OF THE SETTLEMENT CLASSES

WHEREAS, the above-captioned action is pending before this Court (the "Litigation");

WHEREAS, Plaintiffs Rhonda Henderson, Roberta Faulks, Rachel Church, Teaha Jackson, and Chelsea Pobur ("Plaintiffs" or "Named Plaintiffs"), individually and on behalf of the Settlement Classes as defined in the Court's November 27, 2024 Order (ECF No. 267), filed an Unopposed Motion for Final Approval of the Class Action Settlement and Certification of the Settlement Classes pursuant to Federal Rule of Civil Procedure 23(e), requesting entry of an order granting final approval of the Settlement of this Litigation and fully resolving the instant action against

1

Defendants ACM Vision V, LLC ("ACMV"); Inmost Partners; DSAAgent, LLC; Statebridge Company, LLC ("Statebridge"); DS Agent, LLC; JY First Co. Ltd.; DSV SPV 1 LLC, DSV SPV 2 LLC, DSV SPV 3 LLC (collectively the "DSV" Defendants); FTE Networks, Inc., US Home Rentals, LLC ("USHR"), Kaja Holdings, LLC, Kaja Holdings II, LLC, MI Seven, LLC, IN Seven, LLC, RVFM 4 Series, Boom SC, Alan Investments III, LLC, and HOMI Holdings, LLC (collectively the "FTE" Defendants) (individually and collectively the "Settling Defendants"), as well as Atalaya Capital Management LP ("Atalaya"); Kookmin Bank ("Kookmin"), and Samsung Securities, Co. Ltd., ("Samsung") (Kookmin and Samsung are referred to collectively as the "Issuer Noteholders");[1]

WHEREAS the Parties have assented to the Settlement Agreement (ECF No. 264-2),[2] which sets forth the terms and conditions for a proposed Settlement of the Litigation between the Settling Defendants and Plaintiffs, and for dismissal of the Litigation with prejudice upon, and subject to, the terms and conditions set forth therein;

---

[1] The Issuer Noteholders have contested the Court's exercise of personal jurisdiction over them in this Litigation. This Settlement Agreement does not indicate any assent to personal jurisdiction by the Issuer Noteholders.

Neither JY First Co. Ltd. nor DSAgent, LLC are parties to the Litigation.

[2] This Order incorporates by reference the definitions in the Settlement Agreement and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement (ECF No. 264-2), unless otherwise stated.

2

WHEREAS, the Parties have consented to the entry of this Order;

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement; and

WHEREAS, the Court has read and considered: (1) the motion for final approval of the Settlement, and the papers filed and arguments made in connection therewith, and (2) the Settlement Agreement and the Exhibits;

**IT IS HEREBY ORDERED**:

### I. JURISDICTION

1. This Court has subject matter jurisdiction over this Litigation and personal jurisdiction over the Settling Defendants, Atalaya, Plaintiffs, and the Settlement Class Members, as defined below.

### II. CERTIFICATION OF THE SETTLEMENT CLASSES

2. Certification of a settlement class under Federal Rule of Civil Procedure 23(b)(3) requires satisfaction of all the elements of Rules 23(a) and (b)(3).

3. On November 27, 2024, this Court preliminarily certified two Settlement Classes under Federal Rule of Civil Procedure 23(b)(3). ECF No. 267; PageID.7132–34. The Court now grants final certification because the requirements under Rules 23(a) and (b)(3) have been met.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of settlement only, the Court certifies the two Settlement Classes as

defined in the Settlement Agreement, and this Litigation is hereby certified as a class action on behalf of two classes. Class Members in this Litigation are all persons who entered into a Lease with Option to Purchase contract ("LOP") in the State of Michigan from January 1, 2013 through December 31, 2019, that was facilitated by, arranged by, made by, assigned to, or in which the subject property was owned at any time by any of the Defendants in the Litigation. The first class certified is the LOP Occupant Class and is defined as all Class Members, or their heirs, who entered into an LOP in the State of Michigan that has been assigned to or originated from DSV or the FTE Defendants and who are in possession or control of property that is subject to such LOP as of the Settlement Effective Date, and which property is an Occupied Property. For the avoidance of doubt, LOP Occupants does not include any person who had an LOP and exercised the purchase option, whether through seller financing, third party financing, or cash. The second class certified is the Non-Occupant Class and is defined as all Class Members who are not LOP Occupant Class Members.

     5.     The Court finds, for the purposes of settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class Members; (c) the claims and/or defenses of the

Plaintiffs will fairly and adequately protect the interests of all Class Members; (d) there are common issues of law and fact that predominate over individual ones; and (e) a class action is superior to other methods for the fair and efficient adjudication of the Litigation.

6. Pursuant to Rules 23(a)(4) and (g) of the Federal Rules of Civil Procedure, for purposes of settlement only, the Court finally certifies Plaintiffs Rhonda Henderson, Roberta Faulks, Rachel Church, Teaha Jackson, and Chelsea Pobur as Class Representatives; and finally appoints attorneys from the ACLU of Michigan, Michigan Poverty Law Program, National Consumer Law Center, and NAACP Legal Defense Fund as Class Counsel.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented the interests of the Class Members and will fairly and adequately protect the interests of the class moving forward.

### III. APPROVAL OF THE SETTLEMENT AGREEMENT

8. Final approval of a class action settlement under Federal Rule of Civil Procedure 23(e) requires finding that the proposed settlement is fair, reasonable, and adequate.

9. The Court has reviewed the Plaintiffs' unopposed motion, the Settlement Agreement (ECF No. 264-2), and all exhibits attached thereto, and does hereby finally approves the Settlement Agreement.

10. The Court finds that the Settlement Agreement is, in all respects, fair reasonable, and adequate and in the best interests of the Plaintiffs and Settlement Classes, having considered that: (1) the Settlement Class Representatives and Settlement Class Counsel have adequately represented the Settlement Classes; (2) the Settlement Agreement is the result of serious, extensive arm's length and non-collusive negotiations between experienced counsel; (3) the Settlement Agreement falls within a range of reasonableness warranting final approval; and (4) the Settlement Agreement has no obvious deficiencies.

11. The Court finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this manner.

12. The Court finds that the method for disseminating Class Notices to the Settlement Classes, as provided for in the Settlement Agreement and previously approved and directed by this Court's Preliminary Approval Order, ECF. No. 267, has been implemented by the Settlement Administrator and the Parties. The Court finds that the method for disseminating the Class Notices (1) constituted the best notice that is practicable under the circumstances; (2) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (a)

the nature of the Litigation, (b) the definition of the Settlement Classes, (c) the class claims and issues, (d) the opportunity to enter an appearance through an attorney if any Class Member so desired, (e) the opportunity, time, and manner for requesting exclusion from Settlement, and (f) the binding effect of a class judgment; (3) constituted due, adequate, and sufficient notice to all persons and entities entitled to notice; and (4) met the applicable requirements of Federal Rule of Civil Procedure 23, the due process guarantees of the U.S. Constitution, and all other applicable laws.

13. The Court finds that all Settlement Class Members and all persons who fall within the definition of either of the Settlement Classes has been adequately provided with an opportunity to exclude themselves from the Settlement by submitting a request for exclusion in conformity with the Agreement and this Court's Preliminary Approval Order, ECF No. 267. Except those who have submitted a valid opt-out statement as set forth in Section 4.2 of the Settlement Agreement shall be bound by all determinations and judgments in the Litigation concerning the Settlement Agreement (including, but not limited to, the releases provided for therein) whether favorable or unfavorable to the Class Member.

14. The Court further finds that the response of the Class Members to the Settlement supports approval of the Settlement Agreement. As of February 27, 2025, 2 individuals have submitted exclusions but have subsequently rescinded the exclusions of the Settlement, and no Class Members have filed objections.

15. The Parties and Settlement Administrator are accordingly directed to consummate and implement the Settlement Agreement in accordance with its terms, including executing the LOP Occupant Class Member relief described in Section 3.3 of the Settlement Agreement, distributing payments to Non-Occupant Class Members as described in Section 3.4 of the Settlement Agreement, and paying the Settlement Administrator's fees and costs.

16. As defined in Section 1.41 of the Settlement Agreement, the Settlement Effective Date is the date upon which the time for appeal as a matter of right from this Order expires, provided that there is no appeal, or if there is an appeal from this Order, the day after all appeals are finally resolved in favor of final approval.

17. Pursuant to Section 3.1(B) of the Settlement Agreement, DSV shall transfer a total of $375,000 to the Settlement Administrator in two installments, with the first half being transferred within thirty (30) days of the Settlement Effective Date and the second half being transferred within sixty (60) days of the Settlement Effective Date, for purposes of funding the Qualified Settlement Fund.

18. The Settlement Administrator shall issue payment to Non-Occupant Class Members as set forth in Section 3.4 of the Settlement Agreement within thirty (30) days after receiving the final payment from DSV into the Qualified Settlement Fund.

19. Any uncashed checks as of the Settlement Payment Expiration Date as set forth in Section 3.1(E) of the Settlement Agreement shall be awarded to Michigan Legal Services (MLS).

## IV. RELEASE AND DISMISSAL OF CLAIMS WITH PREJUDICE

20. The claims filed in this Litigation against the Settling Defendants, the Issuer Noteholders, and Atalaya are dismissed in their entirety, with prejudice, and each side is to bear its own costs except as specified in the Agreement and this Order regarding attorneys' fees.

21. Upon entry of this Order and the accompanying Judgment, and in addition to the preclusive effect of the dismissal with prejudice of the claims asserted in this Litigation against the Settling Defendants, the Issuer Noteholders, and Atalaya, the Plaintiffs and each Settlement Class Member who has not opted out will release the Settling Defendants, the Issuer Noteholders, and Atalaya as set forth in Section 5 of the Settlement Agreement.

## V. AWARD OF ATTORNYES' FEES AND COSTS

22. The Court awards Class Counsel $375,000 in fees and costs for their efforts in support of this Litigation.

23. Class Counsel engaged considerable time and resources in the prosecution of this case over the course of four years.

9

24. The fees and costs awarded by the Court reimburse only a fraction of Class Counsel's total lodestar, and amount to no more than 10.7% of the total value created by the settlement.

25. In light of the above, the Court finds that the award of $375,000 in fees and costs is fair, reasonable, and adequate and satisfies Federal Rule of Civil Procedure 23(e)(2).

26. Accordingly, pursuant to Section 3.1(C) of the Settlement Agreement, ACM V shall transfer $375,000 to the Settlement Administrator to fund the Attorney's Fees and Costs Fund, in two installments, with the first half being transferred within thirty (30) days of the Settlement Effective Date and the second half being transferred within sixty (60) days of the Settlement Effective Date.

## VI. SERVICE AWARD TO NAMED PLAINTIFFS

27. The Court approves a service award of $10,000 to each of the five Named Plaintiffs: Rhonda Henderson, Roberta Faulks, Rachel Church, Teaha Jackson, and Chelsea Pobur.

28. The Court finds that this service award is reasonable given the time and effort expended in assisting with the resolution of this Litigation on behalf of the Class Members.

## VII. FINAL APPROVAL OF SETTLEMENT

29. The Parties shall abide by all terms of the Settlement Agreement.

30. Without affecting the finality of this Final Approval Order and Final Judgment, this Court expressly retains continuing jurisdiction over the interpretation and implementation of the Settlement Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of the Settlement Agreement and of the Settlement contemplated thereby. Any dispute, challenge, question, or the like relating to the Settlement or the Settlement Agreement may be heard by this Court.

31. If the Settlement Agreement fails to become effective as defined in the Settlement Agreement or is terminated, then, in any such event, the Settlement Agreement, including any amendment(s) thereto (except as expressly provided by the Settlement Agreement and this Order) shall be null and void, and of no further force or effect, and without prejudice to any Party, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*. In any such event, the Parties shall be deemed to have reverted to their respective litigation positions as of October 30, 2024.

32. This Order and the Settlement Agreement, any of the negotiations, discussions, proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or this Order, may not be construed as an admission or concession by the Settling Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or

wrongdoing of any kind. The Class Members, Plaintiffs, Defendants, and Class Counsel, and each of their counsel may file the Settlement Agreement and/or this Order, and/or the Final Approval Order, in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

IT IS SO ORDERED.

                                                    s/Shalina D. Kumar
Shalina D. Kumar
United States District Judge

DATED: February 27, 2025